UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                                    :
J & J SPORTS PRODUCTIONS, INC.,                                     :
                                                                    :
                        Plaintiff,                                  :    18-cv-2547 (ARR) (VMS)
                                                                    :
        -against-                                                   :    NOT FOR ELECTRONIC
                                                                    :    OR PRINT PUBLICATION
                                                                    :
SHADY A. ABDELRAOUF and CLEOPATRA                                   :    OPINION & ORDER
QUEEN LOUNGE, INC. d/b/a CLEOPATRA QUEEN                            :
LOUNGE,                                                             :
                                                                    :
                        Defendants.                                 :
                                                                    X
-------------------------------------------------------------------

ROSS, United States District Judge:

The court has received the report and recommendation, dated November 21, 2018, from the Honorable Vera M. Scanlon, United States Magistrate Judge. R. & R., ECF No. 16. On December 5, 2019, plaintiff, J & J Sports Productions, Inc., timely objected, arguing that Judge Scanlon erred when she recommended that the court deny plaintiff's motion for a default judgment. Specifically, plaintiff argues that the facts alleged in its complaint permit the court to infer that defendants engaged in a satellite violation and are liable for damages under the Federal Communications Act of 1934. In the alternative, plaintiff argues that the supplemental documents submitted with its motion demonstrate that it is entitled to relief. After conducting a *de novo* review, I agree with Judge Scanlon that plaintiff's complaint is legally insufficient. Thus, I adopt the recommendation and deny plaintiff's motion for a default judgment against both defendants.

## BACKGROUND

Plaintiff, J & J Sports Productions, Inc., is a California corporation engaged in the commercial distribution of entertainment and sports programming. *See* R. & R. 2; Compl. ¶¶ 6,

15, ECF No. 1. In April 2015, it obtained the exclusive rights to exhibit a closed-circuit telecast of the May 2, 2015 WBA World Welterweight Championship Fight between Floyd Mayweather, Jr. and Manny Pacquiao ("the Program"), including all under-card bouts and commentary associated with the primary event. Compl. ¶ 15; Gagliardi Aff. Ex. 1, Closed Circuit Television License Agreement, ECF No. 15-2. Pursuant to this agreement, plaintiff entered into sublicensing contracts with commercial entities across North America to grant them the right to display the Program within their establishments for a fee that varied based on each entity's capacity. Compl. ¶ 16; Gagliardi Aff. Ex. 2, Rate Card, ECF No. 15-2. Plaintiff "expended substantial monies marketing, advertising, promoting, administering, and transmitting the Program to its customers." Compl. ¶ 17 (emphasis omitted).

At the time of the events described in the complaint, defendant Cleopatra Queen Lounge, Inc. operated a hookah bar and lounge in Staten Island, New York.[1] *See* Compl. ¶ 7; Hunter Decl. Ex. 5, Comeau-Khan Aff., ECF No. 15-3. Defendant Shady A. Abdelraouf was designated an "Officer, Director, Shareholder and/or Principal" of Cleopatra Queen Lounge with the New York Department of State. Compl. ¶ 7. Though neither defendant contracted with plaintiff to obtain the right to display the Program, an auditor who visited Cleopatra Queen Lounge on May 2, 2015, observed the telecasting of the Program on two television screens at 8:47 P.M. *See* Comeau-Khan Aff. Plaintiff alleges that defendants were able to display the Program to their patrons due to unlawful and willful actions taken for the purpose of "direct and/or indirect commercial advantage and/or private financial gain." Compl. ¶¶ 18–19.

Plaintiff commenced this action on April 30, 2018, alleging violations of sections 553 and 605 of the Federal Communications Act ("the FCA"). After the defendants failed to answer or

---

[1] The corporation has since dissolved. *See* R. & R. 4–5 & n.3.

otherwise respond to the complaint, plaintiff filed a request for a certificate of default against both defendants. *See* Req. for Certificate of Default, ECF No. 9; Req. for Certificate of Default, ECF No. 12. The Clerk of Court filed an entry of default against each defendant, *see* Entry of Default, ECF No. 11; Entry of Default, ECF No. 14, and plaintiff subsequently moved for default judgment on July 16, 2018, *see* Mot. for Default J., ECF No. 15. The motion was referred to Judge Scanlon on the same day, and the report and recommendation was received on November 21, 2018. Judge Scanlon's report and recommendation found that plaintiff's complaint failed to plead sufficient facts from which to conclude that defendants had violated either section of the FCA. R. & R. 8–13. Moreover, she held that plaintiff's complaint did not contain an adequate factual basis to demonstrate that the individual defendant, Mr. Abdelraouf, could be held liable as a result of either contributory infringement or vicarious liability. *Id.* at 13–16. As a result, she recommended that the court deny plaintiff's motion for default judgment in its entirety. *Id.* at 17.

## LEGAL STANDARD

### A. Review of Report and Recommendation

When reviewing a magistrate judge's report and recommendation, I "adopt those portions of the report to which no objections have been made and which are not facially erroneous." *Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (quoting *Walker v. Vaughan*, 216 F. Supp. 2d 290, 291 (S.D.N.Y. 2002)); *see also* Fed. R. Civ. P. 72 advisory committee's notes to subdivision (b). However, if a party files timely objections, I must "conduct a *de novo* review of any contested sections of the report." *Sleepy's LLC v. Select Comfort Wholesale Corp.*, 222 F. Supp. 3d 169, 174 (E.D.N.Y. 2016), *vacated on other grounds*, 909 F.3d 519 (2d Cir. 2018); *see also* 28 U.S.C. § 636(b)(1). Ultimately, I must "arrive at [my] own, independent conclusion about those portions of the magistrate's report to which objection is made." *Silge v. Merz*, No. 05 CV 3648(GBD), 2006 WL 39632, at *1 (S.D.N.Y. Jan. 6, 2006) (quoting *Nelson v. Smith*, 618 F. Supp.

3

1186, 1189–90 (S.D.N.Y. 1985)), *aff'd*, 510 F.3d 152 (2d Cir. 2007).

### B. Default Judgment

Federal Rule of Civil Procedure 55 establishes a two-step process for the entry of a default judgment against a non-answering party. First, after a party has "failed to plead or otherwise defend" itself against an action, the moving party may seek a certificate of default from the Clerk of Court. Fed. R. Civ. P. 55(a). Second, after the Clerk files an entry of default, the moving party may apply to the court for a default judgment pursuant to Rule 55(b).

A party against whom a certificate of default has been entered is deemed to have conceded "all well pleaded allegations of liability." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). However, "because defaults are generally disfavored and are reserved for rare occasions," the moving party is not automatically entitled to a default judgment, and any doubts "should be resolved in favor of the defaulting party." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). It is the moving party's burden to demonstrate that it is entitled to recovery based on the factual allegations pleaded in the complaint. *Friedman v. Sharinn & Lipshie, P.C.*, No. 12 CV 3452(FB)(CLP), 2013 WL 1873302, at *3 (E.D.N.Y. Mar. 28, 2013), *adopted by* 2013 WL 1869924 (E.D.N.Y. May 3, 2013).

### DISCUSSION

Plaintiff objects to two aspects of Judge Scanlon's recommendation. First, plaintiff objects to the recommendation that the court deny plaintiff's motion for a default judgment under section 605 of the FCA.[2] *See* Pl.'s Objs. 2–7, ECF No. 17. Plaintiff also objects to Judge Scanlon's

---

[2] Judge Scanlon also concluded that plaintiff's complaint fails to allege sufficient facts for it to recover under 47 U.S.C. § 553, as plaintiff does not specifically allege that defendants "intercepted or received a cable communication, or even that the Event was offered over a cable system." R. & R. 12. Plaintiff does not object to this holding and, finding no clear error, I adopt it and deny plaintiff's motion for a default judgment under that statutory provision as well.

conclusion that, even if the complaint did allege sufficient facts to find an underlying violation committed by the corporate defendant, the complaint does not entitle plaintiff to recover against the individual defendant. *Id.* at 7–11. I address each of plaintiff's objections in turn.

### A. Liability of Corporate Defendant Under the FCA

Plaintiff's complaint alleges violations of two sections of the FCA: section 605 and section 553. In relevant part, section 605 provides that "[n]o person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person." 47 U.S.C. § 605(a). Section 553, in turn, prohibits the unauthorized interception or receipt of "any communications service offered over a cable system." 47 U.S.C. § 553(a)(1). Though these statutory provisions overlap in some cases,[3] *see Int'l Cablevision, Inc. v. Sykes*, 75 F.3d 123, 129, 133 (2d Cir. 1996), "the law in this Circuit is clear that a plaintiff may recover under only one," *Circuito Cerrado, Inc. v. Pizzeria y Pupuseria Santa Rosita, Inc.*, 804 F. Supp. 2d 108, 114 (E.D.N.Y. 2011).

In the Second Circuit, section 605 has been interpreted to prohibit the theft of cable communications as long as the program originated by radio or satellite "prior to the transmission of that same signal by cable." *Sykes*, 75 F.3d at 132; *see also J & J Sports Prods., Inc. v. Nacipucha*, No. 17-CV-1186-AMD-SJB, 2018 WL 2709222, at *3 (E.D.N.Y. May 18, 2018) ("The term 'radio communication,' as used in the Communications Act, has long been understood to include satellite transmissions." (citing *Joint Stock Co. Channel One Russ. Worldwide v. Infomir LLC*, No. 16-CV-

---

[3] The Second Circuit's decision in *International Cablevision, Inc. v. Sykes*, 75 F.3d 123, 133 (2d Cir. 1996), which held that both statutory sections may apply in certain factual circumstances, distinguishes it from other circuits where the two sections have been deemed mutually exclusive. *See, e.g.*, *J & J Sports Prods, Inc. v. Evolution Entm't Grp. LLC*, No. 13-5178, 2014 WL 3587370, at *2 (E.D. La. July 21, 2014) (citing *J & J Sports Prods., Inc. v. Mandell Family Ventures, LLC*, 751 F.3d 346, 352–53 (5th Cir. 2014) and noting that the Fifth Circuit has held that the two provisions do not overlap).

1318 (GBD) (BCM), 2017 WL 696126, at *8 (S.D.N.Y. Feb. 15, 2017), *adopted by* 2017 WL 2988249 (S.D.N.Y. Mar. 27, 2017))), *adopted by* 2018 WL 2709200 (E.D.N.Y. June 5, 2018). In other words, for the purposes of determining whether section 605 applies to a given theft, the central question is whether the programming originated as a radio or satellite transmission. *Sykes*, 75 F.3d at 133; *see also J & J Sports Prods., Inc. v. Tellez*, No. 11-CV-2823 (SMG), 2011 WL 6371521, at *1 (E.D.N.Y. Dec. 20, 2011).

There are several ways for a plaintiff to demonstrate that a communication originated as a radio or satellite transmission; for example, courts have held that plaintiffs have adequately pleaded a violation under section 605 when their complaints reference "the use of decoding equipment," allege that the defendant intercepted "satellite signals from orbiting satellites," or contain specific allegations "that the event was conveyed via satellite transmission." *J & J Sports Prods., Inc. v. Nest Rest. & Bar Inc.*, No. 17 Civ. 2194 (RJD) (VMS), 2018 WL 4921657, at *5 (E.D.N.Y. July 17, 2018) (citing cases), *adopted by* 2018 WL 4356724 (E.D.N.Y. Sept. 12, 2018). Within this circuit, a plaintiff need not allege *how* the defendant actually received the signal; "all that must be alleged to state a Section 605 claim is that the communication originated via satellite [or radio]." R. & R. 11 (citing *Sykes*, 75 F.3d at 131–33 and *Joe Hand Promotions, Inc. v. Terranova*, No. 12-CV-3830 (FB) (VVP), 2014 WL 1028943, at *4 (E.D.N.Y. Mar. 14, 2014)).

Here, plaintiff's complaint fails to include any allegations that would permit the court to find that defendants engaged in a satellite violation when they unlawfully displayed the Program at their establishment. The complaint alleges that defendants engaged in "unauthorized interception, reception, publication, exhibition, divulgence, display, and/or exhibition," Compl. ¶ 19; *see also id.* ¶ 18, but it says nothing about the form of the transmission or the manner in which the defendants allegedly intercepted the communication. Moreover, while plaintiff writes that

section 605 "prohibits the unauthorized publication or use of communications," *id.* ¶ 20, it fails to acknowledge the primary condition for a section 605 violation: that the communication in question originate via radio or satellite transmission.

In its objections, plaintiff recognizes that the complaint fails to specifically allege a satellite violation, but it maintains that the court can "reasonably infer[]" that the transmission originated by satellite. Pl.'s Objs. 2. I find this argument unpersuasive; as other courts have held, "it is not axiomatic that J&J's distributions are satellite transmissions," as opposed to transmissions of other types, such as cable transmissions protected by section 553. *Nacipucha*, 2018 WL 2709222, at *5. Indeed, particularly where a plaintiff pleads a violation of sections 605 *and* 553, courts have found it inappropriate to infer that a plaintiff has stated a claim under either section absent sufficient factual allegations regarding the manner of the transmission. *See id.*; *J & J Sports Prods., Inc. v. Paucar*, No. 17 Civ. 05358 (RJD) (VMS), 2018 WL 4501057, at *5–6 (E.D.N.Y. July 16, 2018), *adopted by* 2018 WL 4494874 (E.D.N.Y. Sept. 19, 2018); *J & J Sports Prods, Inc. v. Ferreiras*, No. 15-CV-6546, 2018 WL 6168557, at *6, *9 (E.D.N.Y. Nov. 20, 2018). "Plaintiff here appears to be proceeding under both statutes without setting forth what is required to prove under either." *J & J Sports Prods, Inc. v. Gonzalez*, No. 13-cv-3332, 2015 WL 394013, at *3 (N.D. Ill. Jan. 27, 2015). This "buckshot approach" to pleading is insufficient to plead any individual claim in the alternative. *Id.* Plaintiff does not allege that the Program was a satellite communication, a cable communication, or both. Instead, plaintiff brings "causes of actions based on such communications but fail[s] to state the predicate fact necessary for either violation." *Ferreiras*, 2018 WL 6168557, at *9. As a result, any "inference" plaintiff asks the court to make is unsupported by the allegations actually contained in the complaint. *See, e.g.*, *Janik v. MediaPost Commc'ns, Inc.*, No. 16-CV-05872 (ALC), 2017 WL 2735578, at *3 (S.D.N.Y. June 26, 2017) (distinguishing a "mere

supposition" from a "reasonable inference[]" (quoting *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)).[4]

Judge Scanlon's well-reasoned and comprehensive opinion cites to several cases—many of which were brought by the plaintiff itself—in which courts have dismissed complaints at various stages of litigation for failing to provide sufficient information about the form of an allegedly intercepted communication. *See, e.g.*, R. & R. 9–10 (citing cases). Though plaintiff is correct that some of these cases involved motions for summary judgment or motions to dismiss, *see* Pl.'s Objs. 6, that procedural distinction is immaterial; to the contrary, these cases all underscore the important point that a violation of either statute hinges upon the nature and form of the Program's transmission. *See, e.g.*, *Joint Stock Co.*, 2017 WL 696126, at *11 (recommending dismissal of plaintiff's claim under § 605 because plaintiff failed to "plainly allege that each defendant's conduct involved 'radio-originated communications'" (quoting *Sykes*, 75 F.3d at 131 n.5)); *J & J Sports Prods., Inc. v. Evolution Entm't Grp., LLC*, No. 13-5178, 2014 WL 3587370, at *2 (E.D. La. July 21, 2014) (denying summary judgment motion because, "in the absence of any evidence regarding how the boxing match was transmitted, Plaintiff has not established its right to judgment

---

[4] Plaintiff cites *Miller v. American Telephone & Telegraph Co.*, 507 F.2d 759, 763 (3d Cir. 1974), for the principle that a plaintiff's reference to a statutory provision functions "as a shorthand designation of the elements necessary to establish a breach of that statute." Pl.'s Objs. 3. Even if that pleading standard remained good law following *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)—a contention that plaintiff itself recognizes is unlikely—it does not apply here, where plaintiff pleads incomplete causes of action under *two* statutory provisions, each of which covers distinct, even if not mutually-exclusive, factual circumstances. *Cf. Garden City Boxing Club, Inc. v. Stone*, 285 F. Supp. 2d 447, 452 (D. Del. 2003) ("[T]his court cannot adequately evaluate whether defendants' actions were a violation of either §§ 553 or 605 without facts describing the manner in which the [Program] was allegedly pirated."); *J & J Sports Prods., Inc. v. Munguti*, No. 06-1282, 2007 WL 928479, at *2 (D.N.J. Mar. 27, 2007) ("The Court cannot determine which statutory section is appropriate without facts describing the manner in which the boxing match was allegedly pirated.").

as a matter of law with respect to either statute"). Because it fails to include allegations that clearly set forth each of the elements that plaintiff would be required to prove under section 605, plaintiff's complaint is legally insufficient. *See, e.g.*, *Gonzalez*, 2015 WL 394013, at *3.[5]

In the alternative, plaintiff argues that the allegations contained in the documents accompanying its motion for default judgment, including an affidavit submitted by plaintiff's president, Joseph M. Gagliardi, demonstrate that the Program was transmitted by satellite. Pl.'s Objs. 3–7. Even if I found that Mr. Gagliardi's affidavit clearly established that the Program in this case was transmitted by satellite, this argument would fail. Plaintiff's assertion that a court may consider documents outside of the pleadings when evaluating a defendant's liability on a motion for default judgment is plainly contradicted by black-letter law. "The fact that a complaint stands unanswered does not . . . suffice to establish liability on its claims: a default does not . . . excuse any defects in the plaintiff's pleading." *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012); *see also Lanzafame v. Dana Restoration, Inc.*, No. 09-CV-0873 (ENV)(JO), 2011 WL 1100111, at *2 (E.D.N.Y. Mar. 22, 2011) ("[A]warding damages in the face of insufficient allegations, even after default judgment is entered, would be inconsistent with the threshold requirement that a complaint be well-pleaded."); *Unitrans Consolidated, Inc. v. Classic Closeouts, LLC*, No. 09-CV-2098 (SLT), 2010 WL 1265206, at *2 (E.D.N.Y. Mar. 31, 2010)

---

[5] As Judge Scanlon acknowledges, this burden is not particularly strenuous. *See* R. & R. 10–11. Plaintiff alleges that it held the exclusive rights to distribute the closed-circuit telecast in question, so it should be able to obtain information regarding the broadcasting of the Program. Furthermore, some courts have found that a plaintiff's allegation that the "defendants could not have intercepted the event without 'electronic decoding equipment and satellite coordinates'" is sufficient to find that the event originated as a satellite signal, even without a specific allegation as to the event's origination. *J & J Sports Prods., Inc. v. 291 Bar & Lounge, LLC*, 648 F. Supp. 2d 469, 473 (E.D.N.Y. 2009) (quoting record); *but see Ferreiras*, 2018 WL 6168557, at *6 (arguing that such a reference is not enough to infer a satellite violation).

("[P]laintiff must establish that the facts *alleged in the complaint* assert a valid cause of action." (emphasis added)).

The reason for this rule is simple: a default judgment cannot be entered unless a defendant was given adequate notice of the claims alleged by plaintiff; notice, in turn, is established by the facts alleged in the complaint. *Friedman*, 2013 WL 1873302, at *3 (holding that one of the primary factors to consider before awarding a default judgment is "whether the claims were pleaded in the complaint, thereby placing the defendant on notice"). Plaintiff alleges that the Second Circuit's decision in *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d at 65, supports its argument because the court there held that a plaintiff moving for default judgment is "entitled to all reasonable inferences from the evidence offered." Pl.'s Objs. 5 (emphasis omitted). But plaintiff does not cite any cases that have interpreted this single sentence in *Au Bon Pain Corp.* to provide authorization for a court to grant a default judgment motion on the basis of supplemental information external to the pleadings. In the face of the clear weight of the authority to the contrary, I decline to find that Mr. Gagliardi's affidavit cures the defects in plaintiff's complaint.

### B. Individual Liability of Shady Abdelraouf

Finally, plaintiff objects to Judge Scanlon's recommendation that the court deny its motion against Mr. Abdelraouf, the individual defendant, because the complaint fails to allege sufficient facts to hold him liable. Because an individual defendant cannot be held liable unless there is an underlying violation, I need not reach this question. *See* R. & R. 13 (holding that there can be no liability against Mr. Abdelraouf because, "[a]s an initial matter, Plaintiff failed to state a claim"); *see also Nacipucha*, 2018 WL 2709222, at *6 ("[W]ithout [the corporate defendant's] presence in the case, and no liability imposed on [the corporate defendant], no one . . . could be indirectly or vicariously liable." (citation omitted)); *Jones v. Dep't of Hous. Pres. & Dev.*, No. 06-CV-2085(LAP), 2007 WL 582751, at *2 (S.D.N.Y. Feb. 22, 2007) ("It is a well-settled princip[le] that

10

vicarious liability cannot exist without direct liability."). In other words, the individual defendant cannot be held liable for any role that he allegedly played in authorizing or encouraging an underlying violation that plaintiff has failed to properly plead. *Cf. G&G Closed Circuit Events, LLC v. Carlos Laura Corp.*, No. CV 15-3712 (DRH)(ARL), 2017 WL 933087, at *2 (E.D.N.Y. Feb. 16, 2017) ("To establish a contributory violation of 47 U.S.C. 605(a), plaintiff is required to demonstrate that [the individual defendant] authorized the violations set forth in the Complaint." (quoting *J & J Sports Prods., Inc. v. Mangos Steakhouse & Bakery, Inc.*, No. 13 CV 5068(RJD), 2014 WL 2879868, at *5 (E.D.N.Y. May 7, 2014), *adopted by* 2014 WL 2879890 (E.D.N.Y. June 24, 2014))), *adopted by* 2017 WL 933082 (E.D.N.Y. Mar. 8, 2017). Therefore, I need not consider whether plaintiff's allegations would have been sufficient to hold Mr. Abdelraouf liable if there had been a sufficient allegation of an underlying violation.

## CONCLUSION

For the foregoing reasons, I agree with Judge Scanlon that plaintiff's complaint is legally insufficient to entitle it to relief, and I adopt her report and recommendation and deny plaintiff's motion for default judgment. If plaintiff wishes to amend its allegations to cure these defects, it must do so within seven days of the date of this order. *See, e.g.*, *J & J Sports Prods, Inc. v. Paucar*, No. 17-cv-05358 (E.D.N.Y. Jan. 23, 2019) (granting plaintiff's motion to alter judgment by vacating dismissal of plaintiff's complaint and giving it time to "file an Amended Complaint in light of the deficiencies noted in Magistrate Judge Scanlon's Report and Recommendation.").

SO ORDERED.


Date:   February 5, 2019                                     _____/s/_____
        Brooklyn, New York                                   Allyne R. Ross